■ GLORIA PEREZ et al., Respondents, v CITY OF NEW YORK et al., Defendants, and SHIRAZ HEMANI, Individually and Doing Business as DUNKIN DONUTS, Appellant. [796 NYS2d 47]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 13, 2004, which denied defendant Hemani's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendant Hemani dismissing the complaint as against him.

Plaintiff sustained serious personal injuries when she slipped on some debris and fell to the ground in front of Jacobi Hospital's Ambulatory Care Pavilion. Plaintiff testified at her deposition that at the time of the accident, it was raining, and

she fell on wet pavement outside of the hospital approximately 10 to 15 feet in front of the right entrance door. Defendant Hemani was the lessee of a Dunkin Donuts shop located inside the pavilion. To reach the shop, one has to travel through the hospital's entrance doors, go through another set of doors, walk about 10 feet and turn left into the restaurant. While he was responsible for cleaning the area where the restaurant was located, and a limited area just outside its partitioned-off area from the hospital, Hemani was not responsible for the area outside of the hospital. After completion of discovery, defendant moved for summary judgment, inter alia, on the ground that he had no duty to clean the area where plaintiff fell.

The IAS court denied the motion, finding that there was a triable issue as to which entity was responsible for cleaning the area in front of the store.

There is no dispute that the area where plaintiff fell was outside the entrance of the hospital, which, according to the hospital's grounds manager, was the responsibility of the hospital to maintain. Moreover, the lease between the hospital and Hemani required him to keep the area where his franchise was located clean and provided that the hospital was to maintain all the common areas.

Since the record shows that plaintiff fell outside the hospital in a common area, there is no triable issue as to whether Hemani had the duty to keep the area clean and well-maintained (*Fraher v JNPJC Brusco Assoc.*, 286 AD2d 289 [2001]). The motion for summary judgment dismissing the complaint should have been granted. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.